**SO ORDERED.**

**SIGNED this 17th day of May, 2013.**


UNITED STATES BANKRUPTCY JUDGE



**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**WINSTON-SALEM DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Mooya Ollie Assasepa ) | Case No. 12-51222 |
| ) | |
| Debtor. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER ON DEBTOR'S**
**MOTION FOR RECUSAL AND/OR DISQUALIFICATION**

This matter came before the Court on May 8, 2013 upon the Debtor's Motion to Recuse and/or Disqualify Judge C. Aron. The Debtor, Mooya Ollie Assesepa, appeared *pro se*, Pamela McAfee appeared on behalf of JPMorgan Chase Bank, N.A., Kathryn L. Bringle appeared as the Chapter 13 Trustee, and Robert E. Price, Jr. appeared on behalf of the Bankruptcy Administrator.

**JURISDICTION**

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 83.11 of the United States District Court for

1

the Middle District of North Carolina. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) which this Court may hear and determine.

## BACKGROUND

The Debtor filed the Motion to Recuse and/or Disqualify Judge C. Aron (the "Recusal Motion") immediately before the scheduled hearings in the bankruptcy case and the related adversary proceeding filed against the Debtor by JPMorgan Chase Bank, N.A. ("JPMorgan"). The Debtor sought recusal of Judge Catharine R. Aron from further involvement in the Debtor's bankruptcy and adversary proceedings. Finding that notice of the motion was sufficient, proper, and timely under the circumstances of the case, the Court heard the Recusal Motion before the scheduled matters.

The specific Recusal Motion allegations include:

(A) "It appears that Judge Aron has a financial interest with JPMORGAN CHASE BANK ('Chase.'). How is it possible to receive a fair hearing when some judges receive financial benefits from Chase? Exhibit 1 where the court order clearly states, 'Judge has a financial interest in JPMorgan Chase Bank'. Therefore it is not unreasonable that Aron has a financial interest with Chase also."

(B) "It appears that Judge Aron is in concert with Chase by allowing Chase to violate 11 UCS 362 [sic]…"

(C) "Judge Aron is striking Affiants testimony 'affidavit of truth' on 03/24/2013, (without just cause) which also shows Judge Aron's prejudice and biasness towards me."

Exhibit 1 attached to the Recusal Motion is a copy of an order from the United States District Court of the Central District of California in which United States District Judge Stephan V. Wilson self-recused from the case *Mooya Ollie Assasepa v. JPMorgan Chase*

*Bank NA et. a*l, 2:12-cv-06010SVW-JCG (C.D. Cal. July 23, 2012)(No.5), on July 17, 2012 because he had a financial interest in JPMorgan.

At the hearing, the Court provided the Debtor with multiple opportunities to assert the basis for Debtor's claim that Judge Aron has a financial interest with JP Morgan. In response, the Debtor repeatedly responded that she "stands on [her] affidavit." Judge Aron also informed the Debtor that the Debtor has access to Judge Aron's financial information through the Freedom of Information Act and asked whether the Debtor was referencing an inquiry made pursuant to the Freedom of Information Act. Debtor was also reminded that the exhibit attached to the Recusal Motion recused a different judge in a different district for a different case in which the Debtor was a party. To both the inquiry and the reminder, the Debtor responded that she "stands on [her] affidavit."

## DISCUSSION

Federal Rule of Bankruptcy Procedure 5004 governs disqualification of a bankruptcy judge. The rule provides that:

> A bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arises or, if appropriate, shall be disqualified from presiding over the case.

F.R.B.P. 5004. Section 455 of Title 28 of the United State Code states that a judge shall self-recuse when:

> (a) ... [h]is impartiality might reasonably be questioned ... [or] (b)(1) [w]here [the judge] has a personal bias or prejudice concerning a party, [or] (b)(4) [the judge knows] that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that

3

> should be substantially affected by the outcome of the proceeding.

28 U.S.C. § 455. The standard for determining whether a judge should be disqualified is whether a reasonable person with knowledge of all facts would conclude that the judge's impartiality might reasonably be questioned. *U.S. v. DeTemple*, 162 F. 3d 279, 286 (4th Cir. 1998). This is an objective standard. *See Id.*

Judge Aron has no financial interest in JPMorgan. Judge Aron has no stock holdings in JPMorgan. Nor is there any other indication that she has any other financial interest in JPMorgan. Thus, application of 28 U.S.C. § 445 does not give basis for recusal or disqualification.

Next, the Court addresses the Debtor's assertion that Judge Aron is partial to JPMorgan. Under the objective test for disqualification, the Judge's impartiality cannot reasonably be questioned. During this case the Debtor has filed many motions, some frivolous and improper, and the Court has ruled on these motions with decisions that are supported by law and facts. Rulings against a debtor do not form a basis for disqualifying a judge for partiality. *See Liteky v. U.S.*, 510 U.S. 540 (1993). There are no reasonable grounds that support the Debtor's allegations that the Judge is partial to or acting in concert with JPMorgan.

Courts have noted dual considerations when deciding motions to disqualify or recuse a judge. These considerations are the promotion of public confidence by assuring the appearance of impartiality and the prevention of the perception that a disappointed litigant can disqualify a fair judge to obtain another judge or ruling to her or his liking. *See, e.g.*, *In re Lupo*, 2011 WL 350522 (Bankr. D. Mass. Feb. 1, 2011). These considerations are applicable in this case. The Court cannot abandon its duty to decide

matters impartially, even when unsubstantiated aspersions are cast as to the Judge's professional sensibilities.

## CONCLUSION

In view of the foregoing, **IT IS THEREFORE ORDERED** that the Debtor's Request for Recusal and/or Disqualification is **DENIED**.

**END OF DOCUMENT**

# SERVICE LIST

Mooya Assasepa
Debtor

Pamela McAfee
Attorney for JPMC

Kathryn L. Bringle
Trustee

William P. Miller
US Bankruptcy Administrator